UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV 13-7341 (CAS) (FFMx) | Date | November 12, 2013 |
|---|---|---|---|
| Title | JAMIE MORALES V. GRUMA CORPORATION, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS): PLAINTIFF'S MOTION TO REMAND (Dkt. #15, filed October 20, 2013)

DEFENDANT GRUMA CORPORATION D/B/A MISSION FOODS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO COMPEL ARBITRATION AND TO STAY ACTION (Dkt. 8, filed October 10, 2013)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of November 18, 2013, is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION

Plaintiff Jamie Morales filed this action in Los Angeles County Superior Court on August 27, 2013, against defendants Gruma Corporation, Inc. ("Gruma"), Fernando Ynez, Claudia Bolanos, and Does 1-50. Dkt. #1. Plaintiff asserts California law claims for disability discrimination, unlawful employment practices, and defamation. Compl. ¶¶ 27-81. Defendants removed this action to this Court on October 3, 2013, on the grounds that this Court has jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332. Not. Removal 3. Defendants contended in their notice of removal that defendant Gruma was incorporated in Nevada, and has its principal place of business in Texas. Id. at 3-4. Defendants further contended that the alleged California citizenship of defendants Ynez and Bolanos should be disregarded because these defendants were fraudulently joined. Id. at 4-6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 13-7341 (CAS) (FFMx) | Date | November 12, 2013 |
|---|---|---|---|
| Title | JAMIE MORALES V. GRUMA CORPORATION, ET AL. | | |

Plaintiff filed a motion to remand this action to Los Angeles County Superior Court on October 20, 2013. Dkt #20. Gruma filed an opposition on October 28, 2013. Dkt. #23. Plaintiff replied on November 5, 2013. Dkt. #27. After considering the parties' arguments, the Court finds and concludes as follows.

## II.  BACKGROUND

Plaintiff is a resident of California. Compl. ¶ 1. Plaintiff does not allege Gruma's state of incorporation or principal place of business. Plaintiff alleges that defendants Bolanos and Ynez are residents of California, and are officers of Gruma. Id. ¶¶ 3-4.

Plaintiff alleges that he was hired by Gruma in its receiving department on June 13, 2006. Id. ¶ 6. Plaintiff alleges that, on October 10, 2012, he suffered an injury while at work, which resulted in a disability. Id. ¶ 9. He missed two days of work as a result of the injury, and then returned to work, wearing braces provided by a physician. Id. ¶ 10. Plaintiff alleges that his physician provided defendants with a "modified/restricted work note" on November 15, 2012, and that defendants changed plaintiff's shift after receiving the note. Id. ¶ 12. Plaintiff further alleges that he notified defendants in early December 2012 that he would be undergoing shoulder surgery in January of 2013. Id. ¶ 13. Plaintiff alleges that he also attended regular physical therapy throughout November of 2012. Id. ¶ 14.

Plaintiff alleges that he worked his shift on December 22, 2012, was not scheduled to work on December 23, 2012, and believed that defendant Ynez, plaintiff's supervisor, excused him from work on December 24, 2012. Id. ¶¶ 15-17. Plaintiff alleges that he called his workplace on December 26, 2012, and stated that he was experiencing pain in his shoulder. Id. ¶19. According to plaintiff, defendant Ynez told him to take the day off. Id. Plaintiff alleges that he arrived at work on December 27, 2012, and was told by Ynez not to clock in, but instead to report to the human resources office. Id. ¶ 20. Plaintiff alleges that he believed he was meeting with human resources personnel to prepare documentation for his impending leave to obtain shoulder surgery. Id. ¶ 21. Plaintiff alleges that defendants Ynez and Bolanos informed him at this meeting that he was being terminated for "3 consecutive days no call no show" with regard to the dates December 24, 26, and 27, 2012. Id. ¶ 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | CV 13-7341 (CAS) (FFMx) | Date | November 12, 2013 |
| Title | JAMIE MORALES V. GRUMA CORPORATION, ET AL. | | |

Plaintiff alleges that he was forced to sign documents that he "voluntarily resigned" in order to receive his final paycheck and vacation pay. Id. ¶ 23. According to plaintiff, he had 74.82 unpaid vacation hours at the time of his termination. Id. ¶ 24. Plaintiff alleges that he was required to return to his workplace on January 4, 2013 to sign these papers and receive his final checks. Id. ¶ 25.

Based on these events, plaintiff asserts six claims for relief against defendants Gruma and Does 1-50, but not against defendants Ynez and Bolanos. These claims are for disability discrimination in violation of Cal. Gov. Code § 12940, et seq., failure to accommodate a disability, failure to engage in an interactive process regarding disability accommodations, in violation of Cal. Gov. Code § 12940, et seq., unlawful retaliation, wrongful termination, in violation of Cal. Gov. Code §§ 12940, 12945, et seq., and the California Constitution, and failure to pay wages, in violation of Cal. Labor Code §§ 201, 203. Id. ¶¶ 27-60, 77-81.[1]

Plaintiff also asserts a single claim for defamation against all defendants, including Ynez and Bolanos. Id. ¶¶ 61-76. The alleged basis for this claim is that defendants caused the publication of defamatory statements, including "expressed and implied accusations that [p]laintiff violated company policy and/or the law, engaged in misconduct, and expressly and impliedly accusing [p]laintiff of potential criminal activity." Id. ¶ 63; see also id. ¶ 66. Plaintiff alleges that, while the precise dates of publication of these statements are not known, he believes that such publication began "on or before October 12, 2012, and continued at least through the present," and that the purpose of these statements was to justify plaintiff's termination. Id. ¶ 63. Plaintiff alleges that these statements are false, and are causing ongoing harm to his reputation. Id. ¶¶ 67, 69.

## III.   LEGAL STANDARD

Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), the

---

[1] The headings for each of these claims explicitly state that they are asserted against Gruma and Does 1-50. E.g., Compl. at 8:20-22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 13-7341 (CAS) (FFMx) | Date | November 12, 2013 |
|---|---|---|---|
| Title | JAMIE MORALES V. GRUMA CORPORATION, ET AL. | | |

federal courts have original jurisdiction over state law actions only where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship.

An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a "sham" non-diverse defendant. Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 2:670 (The Rutter Group 2005). If a court finds fraudulent joinder of a "sham" defendant, it may disregard the citizenship of the "sham" defendant for removal purposes. Id. "Fraudulent joinder" is a term of art, and requires no proof of scienter on the part of the plaintiff. Id. ¶ 2:671. Instead, a non-diverse defendant is said to be fraudulently joined where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

Courts also recognize a "strong presumption" against removal jurisdiction; the burden is on the removing defendant to demonstrate that removal is proper. See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Similarly, "courts generally employ a presumption against fraudulent joinder." Diaz v. Allstate Ins. Group, 185 F.R.D. 581, 586 (C.D. Cal. 1998) (citations omitted).

Accordingly, "[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . ." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) (citations omitted); see also Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992) ("We do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so. If that possibility exists, then a good faith assertion of such an expectancy in a state court is not a sham . . . and is not fraudulent in fact or in law.") (citations and internal quotation marks omitted); Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant.") (citing Dodson 951 F.2d at 42). In accordance with this high standard, courts must resolve all issues of fact and all ambiguities in the law in favor of the non-removing party when deciding whether fraudulent joinder exists in a given case. Dodson, 951 F.2d at 42. Further, the court may consider "affidavits or other evidence (presented by either party) on the issue of whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | CV 13-7341 (CAS) (FFMx) | Date | November 12, 2013 |
| Title | JAMIE MORALES V. GRUMA CORPORATION, ET AL. | | |

a particular defendant's joinder is sham or 'fraudulent.'" Schwarzer ¶ 2:681 (citing W. Am. Corp. v. Vaughan Basset Furniture, 765 F.2d 932, 936 n.6 (9th Cir. 1985)).

## IV.   DISCUSSION

### A.   Plaintiff's Motion to Remand

Plaintiff contends that he has stated a claim for defamation against defendants Ynez and Bolanos, who are citizens of California. Mot. Remand 4-6. Therefore, plaintiff argues, Ynez and Bolanos were not fraudulently joined, and complete diversity of citizenship does not exist between the parties. Id. Plaintiff argues that this action should accordingly be remanded for lack of subject matter jurisdiction. Id.

The Court concludes that this action should be remanded because plaintiff's defamation claim is sufficient to defeat an allegation of fraudulent joinder.[2] A claim for defamation consists of a publication of a false, defamatory, and unprivileged statement that has a natural tendency to injure or that causes special damage. E.g., Hernandez v. First Student, Inc., 2010 WL 5313293, at *3 (C.D. Cal. Dec. 16, 2010); Smith v. Maldonado, 72 Cal. App. 4th 637, 645 (1999); 5 Witkin, Summ. Cal. Law, Torts § 529 (10th ed. 2005).

In Umamoto v. Insphere Insurance Solutions, Inc., 2013 WL 2084475, at *4-5 (N.D. Cal. May 14, 2013), the court granted the plaintiffs' motion to remand, finding that a non-diverse defendant was not fraudulently joined. In that case, the plaintiffs, both California citizens, filed an action in Santa Clara County Superior Court, asserting claims for defamation, wrongful termination, and related torts. Id. at *1-2. The substance of the defamation claim was that the plaintiff's former employer, Insphere, falsely stated that it was terminating one of the plaintiffs, Shirley Umamoto, "due to performance." Id. at *2.

---

[2] The Court expresses no view on whether plaintiff's defamation claim is sufficient to withstand a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). See Davis v. Prentiss Properties Ltd., Inc., 66 F. Supp. 2d 1112, 1114 (C.D. Cal. 1999) ("If a court were to apply the standard of Rule 12(b)(6) to the diversity-defeating claim, the court would be ignoring the fact that it has no jurisdiction over that claim.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 13-7341 (CAS) (FFMx) | Date | November 12, 2013 |
|---|---|---|---|
| Title | JAMIE MORALES V. GRUMA CORPORATION, ET AL. | | |

Umamoto alleged that she was then forced to republish this statement in applications and interviews for new employment. Id. at *4. Plaintiffs asserted this defamation claim against Insphere as well as Katherine Feeny, an Insphere manager. Id. at *4. The defendants removed the action to the federal district court, arguing that Katherine Feeny, a California citizen, was a "sham" defendant, and that federal subject matter jurisdiction existed based on diversity of citizenship. Id. at *3. While the court found that plaintiff's defamation claim against Feeny was likely to fail because the complaint alleged that Insphere, and not Feeny, made the statement regarding Umamoto's termination, the court nonetheless concluded that remand was warranted because there was a "non-fanciful possibility that plaintiff can state a claim [for defamation]." Id. at *5 (quoting Macey v. Allstate Property and Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002)). The court went on to say that it was "not persuaded that [p]laintiffs could not allege facts showing that Feeny was the originator of . . . the statement." Id.

This case is analogous to Umamoto. Here, plaintiff alleges that all defendants, including Ynez and Bolanos, caused the publication of defamatory statements, including "expressed and implied accusations that [p]laintiff violated company policy and/or the law, engaged in misconduct, and expressly and impliedly accusing [p]laintiff of potential criminal activity." Compl. ¶ 63; see also id. ¶ 66. Plaintiff alleges that, while the precise dates of publication of these statements are not known, he believes that such publication began "on or before October 12, 2012, and continued at least through the present," and that the purpose of these statements was to justify plaintiff's termination. Id. ¶ 63. Like the statement about termination "due to performance" in Umamoto, plaintiff's allegations regarding statements made by Ynez and Bolanos are sufficiently specific to raise a "non-fanciful possibility" that plaintiff can state a claim for defamation in Los Angeles Superior Court. See Umamoto, 2013 WL 2084475, at *5; Handy v. Wells Fargo Bank, N.A., 2008 WL 4980758, at *2 (D. Ariz. Nov. 12, 2008) (finding allegation that defendant "disseminated and published false statements concerning the Plaintiff which were intended to cast Plaintiff in a false and unfavorable light," combined with allegation that plaintiff was terminated for "fraud/monetary losses" was sufficient to defeat assertion of fraudulent joinder); Webber v. Nike USA, Inc., 2012 WL 4845549, at *6 (S. D. Cal. Oct. 9, 2012) (finding that allegation of defamation based on statement that the plaintiff was terminated for "poor performance" was sufficient to establish a "non-fanciful possibility that a California state court could conclude that Plaintiff" alleged a claim for defamation).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV 13-7341 (CAS) (FFMx) | Date | November 12, 2013 |
|---|---|---|---|
| Title | JAMIE MORALES V. GRUMA CORPORATION, ET AL. | | |

     Moreover, to the extent that the allegations in the complaint might be insufficient to state a claim for defamation in state court, it is possible that such deficiencies could be cured by amendment. See Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C. D. Cal. 2009) (granting motion to remand when defendant failed to show that the plaintiff would not be granted leave to amend his complaint to cure the asserted deficiency); Barsell v. Urban Outfitters, Inc., 2009 WL 1916495, at *3 (C.D. Cal. July 1, 2009) (same).³

     Gruma resists this conclusion, arguing that plaintiff's allegations of defamation are insufficient because plaintiff does not allege the substance of the alleged defamatory statements. Opp. Mot. Remand 4-7. This argument is unavailing for two reasons. First, all but two of the cases cited by Gruma address the sufficiency of allegations of defamation outside the context of fraudulent joinder. E.g., Jacobson v. Schwarzenegger, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004) (evaluating defamation allegations in the context of a motion to dismiss for failure to state a claim). While these cases are informative as to the elements of a defamation claim, they are of limited applicability in determining whether the allegations of defamation are sufficient to defeat an assertion of fraudulent joinder. This is so because of the dual presumptions against removal jurisdiction, Gaus, 980 F.2d at 566, and fraudulent joinder, Diaz, 185 F.R.D. at 586. In light of these presumptions, the Court does not hold plaintiff to the same pleading standard as it would on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Davis, 66 F. Supp. 2d at 1114.

     Second, the two cases cited by Gruma that addressed the sufficiency of defamation claims in the fraudulent joinder context are inapposite. In Toth v. Guardian Industries Corp., 2012 WL 468244, at *4 (E.D. Cal. Feb. 13, 2012), the court relied on Jacobson in determining that the plaintiff's allegations of defamation against a non-diverse defendant

---

³ Gruma cites Kruso v. International Telephone & Telegraph Corp., 872 F.2d 1416, 1426 n.12 (9th Cir. 1989) for the proposition that courts should not consider the possibility of future amended complaints when considering a motion to remand. Opp. Mot. Remand 2-3. Kruso is distinguishable because its analysis of this issue appears to rely on the fact that amendment of the complaint in that case would not have cured the defect in the plaintiffs' claims against the non-diverse defendants. See 872 F.2d at 1426; see also Umamoto, 2013 WL 2084475, at *6-7 (distinguishing Kruso on this basis).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 13-7341 (CAS) (FFMx) | Date | November 12, 2013 |
|---|---|---|---|
| Title | JAMIE MORALES V. GRUMA CORPORATION, ET AL. | | |

were insufficient to justify remand. In this regard, the court found that the plaintiff's general allegations of statements by the defendants that the plaintiff was "incompetent at her job, engaged in reprehensible conduct, and lacked cooperation" were too general and conclusory. Id. It appears that the court in Toth, like the court in Jacobson, evaluated the defamation claim under the Rule 12(b)(6) standard, rather than the more lenient standard on a motion to remand. See id. ("Plaintiff's allegations are insufficient under California law to state a claim for defamation against [one of the defendants].")

In Roland-Warren v. Sunrise Senior Living, 2009 WL 2406356, at *8 (S.D. Cal. Aug. 4, 2009), the court found the plaintiff's defamation allegations insufficient because the plaintiff failed to identify the "time, place, particular speakers, or recipients of the[] statements." In that case, the plaintiff alleged that the defendants made statements that she was "incompetent, untrustworthy, and unfit for a management position." Id. The court stated that the allegations were also insufficient because it could not determine whether the statements were intended as opinion or fact, or whether they were privileged. Id. Here, by contrast, plaintiff's allegations give rise to a reasonable inference that the defamatory statements were made by Ynez and Bolanos. In this regard, plaintiff alleges that these individuals met with him to inform him that he was being terminated, and also alleges that the defamatory statements were made in order to justify his termination. Compl. ¶¶ 22, 63. In addition, the allegation in the complaint that defendants stated that plaintiff "violated company policy" are sufficiently specific such that the Court is able to determine that the statement was intended as fact, and not opinion. Cf. Roland-Warren, 2009 WL 2406356, at *8.

These cases are also inapposite because they rejected the possibility that the plaintiff would be able to correct the deficiencies in the defamation allegations by filing an amended complaint. Toth, 2012 WL 468244, at *5; Roland-Warren, 2009 WL 2406356, at *8. Even if it could not be said that Toth and Roland-Warren are inapposite, the Court finds the reasoning in the cited recent cases in this district to be more persuasive. E.g., Umamoto, 2013 WL 2084475, at *5; Padilla, 697 F. Supp. 2d at 1159; Barsell, 2009 WL 1916495, at *7.

### B. Plaintiff's Request for Attorney's Fees

Plaintiff requests attorney's fees of $6,000 on the grounds that Gruma's removal was unreasonable and contrary to prevailing law. Mot. Remand 7. Gruma responds that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | CV 13-7341 (CAS) (FFMx) | Date | November 12, 2013 |
| Title | JAMIE MORALES V. GRUMA CORPORATION, ET AL. | | |

an award of attorney's fees is unwarranted because it had objectively reasonable grounds for removal. Opp. Mot. Remand 7.

The Court declines to award attorney's fees to plaintiff. Ordinarily, courts award attorney's fees under the removal statute only when the "removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). In this regard, the Toth and Roland-Warren cases, although not ultimately persuasive to this Court, are sufficient to provide a reasonable basis for Gruma's removal petition herein.

## V. CONCLUSION

Based on the foregoing, the Court hereby GRANTS plaintiff's motion to remand. The Court DENIES plaintiff's request for attorney's fees. Furthermore, defendant's Motion to Dismiss, or in the Alternative, to Compel Arbitration and to Stay Action is denied as moot.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |